*830 BUMGARDNER, Judge.
The trial court convicted Andrew Gordon Luck of two counts of malicious bodily injury of a police officer, Code § 18.2-51.1. He contends- the trial court erred (1) in finding the evidence sufficient to convict, and (2) in considering at sentencing a letter written to the trial court. Finding no error, we affirm.
When a defendant challenges the sufficiency of the evidence, we examine the evidence that tends to support the conviction and allow it to stand unless it is plainly wrong or unsupported by the evidence. We view the evidence and all reasonable inferences in the light most favorable to the Commonwealth. See Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).
Officer Gregory A. Johnson observed the defendant weaving his pickup truck through traffic on Jefferson Davis Highway during the early morning hours of October 29, 1995 while throwing items out of it. Officer Johnson activated his flashing lights, but the defendant refused to pull over and accelerated to 80 miles per hour. That began a chase through Chesterfield County into Colonial Heights that lasted for sixteen miles, involved four to five police vehicles, and only ended when the defendant wrecked after ramming into the side of a pursuing police vehicle. The defendant drove at 85-90 miles per hour in the southbound lanes weaving between them like a race driver, and crossing into the oncoming, northbound lanes to pass cars. The defendant never stopped for red traffic lights even when entering a 25 miles per hour zone. Whenever the police pulled alongside, he would turn into the police vehicle forcing it to back off to avoid collision.
Eventually State Trooper Thomas, with Trooper Garrett riding with him, attempted to establish a rolling roadblock to slow the defendant down. Each time the troopers tried to pass, the defendant steered into their lane and forced them into oncoming traffic. Finally, Trooper Thomas got in front of the defendant by ducking to the inside and accelerating to 130 miles per hour. He began the rolling roadblock by slowing to *831 the defendant’s speed of 80 miles per hour. At that point, the defendant accelerated, rammed the police vehicle, and maneuvered back in front.
The troopers again tried to pass, but when they came alongside, the defendant steered into their car with sufficient force to shatter the windshield and lock the vehicles together. The two cars crossed nearly all four lanes before Trooper Thomas “hit the brakes and locked it down, and the vehicles separated.... ” Even as the defendant lost control of his car and started to roll over, he was still trying to push the police car off the road. The troopers went off the road to the left, but Trooper Thomas was able to bring his vehicle to a controlled stop. The defendant kept going until he crashed.
Both troopers were treated in the hospital for injuries received in the collisions. Trooper Thomas was out of work for a day or two, continued to be stiff for four to five days, and took prescribed medication for lower back pain. He suffered a low back strain from being hit several times by the defendant’s vehicle. Trooper Garrett had similar injuries and suffered from “mild back discomfort on flexion and extension” with “tenderness to palpation in the lumbar musculature.”
To sustain the convictions of malicious wounding of the two state troopers, the Commonwealth had to prove the defendant maliciously caused “bodily injury to another person ... with intent to maim, disfigure, disable or kill, and knowing or having reason to know that such other person is a law enforcement officer ... engaged in the performance of his public duties.” Code § 18.2-51.1. The defendant contends the injuries were not sufficient to constitute bodily injury because the troopers suffered no broken bones or bruises. He argues that the injuries must be observable or determinable by objective means. The defendant also contends the evidence failed to establish he had an intent to “maim, disfigure, disable or kill” the troopers and failed to prove he acted maliciously.
“ ‘Bodily injury comprehends, it would seem, any bodily hurt whatsoever.’ ” Bryant v. Commonwealth, 189 Va. 310, 316, 53 S.E.2d 54, 57 (1949) (citation omitted). See Campbell *832 v. Commonwealth, 12 Va.App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc) (breaking of the skin not required). While the statute does not define bodily injury, courts have been reluctant to give juries a definition because the phrase has an “everyday, ordinary meaning.” Stein v. Commonwealth, 12 Va.App. 65, 69, 402 S.E.2d 238, 241 (1991). The evidence permits the finding that the two troopers suffered bodily injury when they received soft-tissue injuries that required medical treatment and caused pain and stiffness. If those injuries did not meet the requirements for bodily injury, we would have the anomaly of an “everyday, ordinary” phrase having different meanings in criminal law and tort law.
“[I]ntent is the purpose to use a particular means to effect a definite result.” Banovitch v. Commonwealth, 196 Va. 210, 218, 83 S.E.2d 369, 374 (1954). “The nature and extent of the bodily injury and the means by which [it is] accomplished may reflect this intent but are not exclusive factors.” Campbell, 12 Va.App. at 483, 405 S.E.2d at 4. The requisite intent may be proven from circumstances, which include the defendant’s conduct. See id. at 484, 405 S.E.2d at 4; Banovitch, 196 Va. at 216, 83 S.E.2d at 373. “The fact finder is entitled to draw inferences from those facts proven to be true, so long as the inferences are reasonable and justified.” Cottee v. Commonwealth, 31 Va.App. 546, 555, 525 S.E.2d 25, 30 (2000) (citation omitted). “ ‘[T]he finder of fact may [also] infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.’ ” Id. (citations omitted). See Campbell, 12 Va.App. at 484, 405 S.E.2d at 4.
Marked police vehicles, with lights flashing and sirens sounding, chased the defendant for sixteen miles at 80 miles per hour. The defendant weaved in and out of traffic, never stopped for red traffic lights, and passed cars while crossing into the oncoming lane of travel. At dangerous speeds, he repeatedly steered into the police vehicles even forcing one into the opposite lane of travel. When the troopers attempted a rolling roadblock, the defendant accelerated and struck them from behind. The defendant rammed the police vehicle to *833 avoid being passed, locked the vehicles together, and forced the troopers off the road.
The fact finder could draw the reasonable and justified inference that the defendant intended to maim, disfigure, disable or kill when he repeatedly rammed the police vehicle while traveling at 80 miles per hour. Indeed, such a finding is consistent with the defendant’s claim that he was merely trying to elude the police because he was driving a stolen vehicle in violation of probation. His assertion provides the motive and explanation for his intentional acts, which could obviously cause a serious wreck, maiming, disfiguring, disabling, or killing anyone involved in it. See Moody v. Commonwealth, 28 Va.App. 702, 707, 508 S.E.2d 354, 356 (1998) (even though defendant warned victim, it was reasonable to infer he “formed specific intent to run over” him because he did not decelerate, brake, or swerve to avoid hitting him).
From those same acts a fact finder could reasonably and justifiably infer that the defendant acted maliciously and that his acts were purposeful, done deliberately, and while under the control of reason. “ ‘Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.’ ” Long v. Commonwealth, 8 Va.App. 194, 198, 379 S.E.2d 473, 475 (1989) (citation omitted). “Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation.” Branch v. Commonwealth, 14 Va.App. 836, 841, 419 S.E.2d 422, 426 (1992) (citation omitted). Volitional acts, purposefully or willfully committed, are consistent with a finding of malice and inconsistent with inadvertence. See Porter v. Commonwealth, 17 Va.App. 58, 61, 435 S.E.2d 148, 149 (1993). The presence of malice is a question of fact to be determined by the fact finder. See Long, 8 Va.App. at 198, 379 S.E.2d at 476.
The manner in which the defendant drove turned his truck into a weapon. “A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife.” Essex v. *834 Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984). Cf. Paytes v. Davis, 156 Va. 229, 234, 157 S.E. 557, 558 (1931) (“A high-powered car moving rapidly is quite as deadly as a locomotive.”). Compare Moody, 28 Va.App. at 708, 508 S.E.2d at 357 (attempted malicious wounding conviction upheld where reasonable to infer defendant intended to run down victim), and Haywood v. Commonwealth, 20 Va.App. 562, 567-68, 458 S.E.2d 606, 609 (1995) (from the evidence could not exclude reasonable hypothesis that driver intended to elude police, not to kill them by running roadblocks). Malice may be inferred from the deliberate use of a deadly weapon. See Morris v. Commonwealth, 17 Va.App. 575, 578, 439 S.E.2d 867, 870 (1994).
Lastly, we consider whether the trial court erred in considering a letter from the defendant’s aunt written to the court. At sentencing, the trial judge noted that he did not ordinarily read such letters, but he read this one and considered “what was written there.” The letter discussed the family’s “anguish ... in a very, very poignant manner.” The trial court made the letter part of the file and the record, continued to discuss the case, and then imposed sentence. The defendant did not object to the trial court’s consideration of the letter. Defense counsel, who was unaware of the letter until the court mentioned it, did not request an opportunity to review the letter or make any response to its contents. The defendant argues that Code § 8.01-384(A)[1] excuses his failure to object because the trial court had already considered the letter before he had an opportunity to object. We conclude the defendant had the opportunity to object but elected not to do so. Accordingly, Rule 5A:18 bars consideration of this question. See Ohree v. Commonwealth, 26 Va.App. 299, 308, 494 S.E.2d 484, 488 (1998).
*835 For the foregoing reasons, we affirm the convictions.

Affirmed.

. Code § 8.01.384(A) provides, in part, that “if a party has no opportunity to object to a ruling or order at the time that it is made, the absence of an objection shall not thereafter prejudice him on a motion for a new trial or on appeal.”