COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued in Chesapeake, Virginia

JASON RYAN KING

                                          MEMORANDUM OPINION[*] BY
v.       Record No. 1942-10-1            JUDGE D. ARTHUR KELSEY
                                              NOVEMBER 15, 2011
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                        Carl E. Eason, Jr., Judge

        Ray P. Lupold, III (Johnson, Andrews, Baskervill & Lupold, P.C.,
        on brief), for appellant.

        Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        The trial court convicted Jason Ryan King of malicious bodily injury in violation of Code

§ 18.2-51.  On appeal, King concedes the evidence was sufficient to prove unlawful wounding,

but contends it did not establish malice necessary for malicious wounding.  We disagree and

affirm.

                                          I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).  Our review of the facts "is not limited to the

evidence mentioned by a party in trial argument or by the trial court in its ruling."  Perry v.

_____

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id. (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586); see also Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

From this perspective, the evidence at trial showed King suspected his girlfriend, Blair Beale, was "fooling around" with another man. App. at 83. Early one morning, shortly after 2:00 a.m., King and a friend drove to the trailer home of Benjamin Bland Pope and observed Beale's car in the driveway. King entered Pope's home and found Beale and Pope sleeping in bed. King stood over Pope, who was still asleep, and began beating him. With a closed fist, King struck Pope in the head four or five times. Beale threw her body over Pope in an effort to stop the beating. King's friend then helped Beale pull King away from Pope. King retreated to another room with Beale. Arguing and "yelling back and forth," King and Beale left the trailer. King then reentered the trailer, locking Beale outside. Id. at 48.

When Pope entered the living room from an adjoining hallway, King punched Pope in the face, knocking him to the floor, and left the trailer. At no point during the first or second beating did Pope attempt to fight back. The beatings left Pope with red scuff marks on his face, a knot on his temple, a cut over his left eye, blood on his clothes, and facial swelling severe enough to prevent him from opening his mouth. Pope initially sought medical care at an urgent care center. Concerned about the extent of his injuries, however, the urgent care center redirected Pope to a hospital emergency room.

In a later conversation with an acquaintance, King explained he saw Beale and Pope in bed and "that's when he fucked him up." Id. at 56. King also called a sheriff's deputy and left a voice message, stating he had a "funny ass story" to tell him. Id. at 72.

- 2 -

At trial, King testified in his own defense. He admitted to the first beating, explaining that he was "highly upset" upon seeing his girlfriend in Pope's bed. Id. at 77. When asked why he stopped beating Pope, King said, "I realized I had no need to be in there and upset him." Id. at 86. King testified the second incident, however, was not the result of rage, but of self-defense. Claiming Pope "came around the corner and he had his fist balled up," King stated, "I hit him with a closed fist in the face one time because I thought he was going to hit me." Id. at 79.

Sitting as factfinder, the trial court found King's "own testimony" — particularly his realization that he "didn't need" to continue the initial beating and his departure from Pope's bedroom — eliminated any claim of "heat of passion" for the second incident. Id. at 121-22. As for King's claim of self-defense, the trial court found it factually meritless. Stating it had "no doubt" King acted "with malicious intent," the trial court found him "guilty of malicious bodily injury." Id. at 123.[1]

## II.

A defendant violates Code § 18.2-51 when he wounds or injures a victim "with the intent to maim, disfigure, disable, or kill" him.[2] If the defendant acts with malice, he is guilty of malicious wounding, a Class 3 felony. See Code § 18.2-51. If he acts without malice — but still commits a legally unjustified wounding with the intent to maim, disfigure, disable, or kill — he is guilty of the lesser-included offense of unlawful wounding, a Class 6 felony. Shifflett v. Commonwealth, 221 Va. 191, 193, 269 S.E.2d 353, 354 (1980). "The element in malicious wounding that distinguishes it from unlawful wounding is malice," a state of mind that can be

---

[1] The trial court also convicted King of statutory burglary. King challenged his statutory burglary conviction in his petition for appeal, but we denied the petition on this ground.

[2] The statutory distinction between "wounding" and "bodily injury" plays no role in the parties' arguments or our analysis of this case. See generally English v. Commonwealth, 58 Va. App. 711, 718-19, 715 S.E.2d 391, 394-95 (2011).

"expressed or implied" by the circumstances of the attack. Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993).[3]

King's opening brief on appeal challenged the sufficiency of the evidence supporting malicious wounding — claiming a lack of proof of malice and the intent to maim, disfigure, disable, or kill. He concluded the evidence sufficed only to prove an assault and battery. See Appellant's Br. at 6, 9-10. At oral argument, however, King's counsel expressly narrowed his argument and conceded the evidence was sufficient to support a conviction for unlawful wounding. See Oral Argument Audio at 11:55 to 13:06. By doing so, King limited his argument on appeal to challenging the evidentiary basis for the trial court's finding of malice. We therefore address only this issue.

### A. STANDARD OF APPELLATE REVIEW

We examine a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added) (citing Jackson, 443 U.S. at 319). We are "not permitted to

---

[3] See generally Ronald J. Bacigal, Criminal Offenses & Defenses 48-49 (2011); John L. Costello, Virginia Criminal Law & Procedure § 4.4, at 98 (4th ed. 2008) ("[T]he lesser included offense of unlawful wounding consists of all the same elements except malice . . . . [U]nlawful wounding, as it is commonly known, is a non-malicious shooting, stabbing, cutting or wounding *with intent* to maim, disfigure, disable or kill." (emphasis in original)).

reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Id. (citation omitted). If the evidence passes the sufficiency test, "the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Courtney v. Commonwealth, 281 Va. 363, 368, 706 S.E.2d 344, 347 (2011) (citation omitted); see also Holloway v. Commonwealth, 57 Va. App. 658, 664, 705 S.E.2d 510, 513 (2011) (*en banc*).

### B. THE "MALICE" IN MALICIOUS WOUNDING

"Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will." Luck v. Commonwealth, 32 Va. App. 827, 833, 531 S.E.2d 41, 44 (2000) (quoting Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 475 (1989)). "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992) (citation omitted). "Volitional acts, purposefully or willfully committed, are consistent with a finding of malice and inconsistent with inadvertence." Luck, 32 Va. App. at 833, 531 S.E.2d at 44 (citing Porter v. Commonwealth, 17 Va. App. 58, 61, 435 S.E.2d 148, 149 (1993)).

Whether a defendant acts out of malice is a "question of fact to be determined by the fact finder." Id.; see also Robertson v. Commonwealth, 31 Va. App. 814, 823, 525 S.E.2d 640, 645 (2000). Malice can be inferred from the circumstances of the attack. For example, injuring an "unsuspecting," Johnson v. Commonwealth, 53 Va. App. 79, 103-04, 669 S.E.2d 368, 380 (2008), or "defenceless" victim, id. (quoting M'Whirt's Case, 44 Va. (3 Gratt.) 594, 611 (1846)),

suggests a malicious state of mind. So do an attacker's "statements after the incident" when they express his intent to "punish" the victim or evidence "pride in his actions," id., or when his remarks indicate a "lack of remorse" or a "boast of the accused," id. at 104-05, 669 S.E.2d at 380 (quoting in parentheticals from various Virginia cases). Evidence of "sufficient brutality" similarly suggests a malicious intent. Id. at 101, 669 S.E.2d at 379.

The evidence in this case amply supports the trial court's finding that King acted with malice. He began beating Pope while Pope was sleeping, and thus, wholly defenseless and unprepared for the attack. After delivering four or five blows to Pope's head, King claimed he came to his senses and withdrew from the attack. Yet, moments later, he locked Beale outside the trailer and, with a closed fist, struck Pope again and knocked him to the floor. Pope's injuries, including the red scuff marks on his face, a knot on his temple, a cut over his left eye, and swelling that prevented him from opening his mouth, were so severe that he was rejected by the urgent care center and was instead sent directly to the emergency room. Without the slightest hint of remorse, King later described the incident as a "funny ass story" in which he "fucked [Pope] up." App. at 72, 56.

The trial court, as factfinder, also had the discretion to discount King's claim of heat of passion. Heat of passion, if proven, negates the presence of malice. Hodge v. Commonwealth, 217 Va. 338, 345, 228 S.E.2d 692, 697 (1976). Heat of passion arises where a "reasonable provocation," Stewart v. Commonwealth, 245 Va. 222, 240, 427 S.E.2d 394, 406 (1993), causes a person to become "deaf to the voice of reason; so that, although the act was intentional . . . it was not the result of malignity of heart, but imputable to human infirmity," Hannah v. Commonwealth, 153 Va. 863, 870, 149 S.E. 419, 421 (1929).

King's own testimony undermined his claim that heat of passion motivated the final blow, which knocked Pope to the floor of the trailer. King said he withdrew from the initial

attack because he realized he "had no need" to be in Pope's home or to "upset him."  App. at 86.
The second attack, King asserted, was motivated not by heat of passion but rather by an alleged
need for preemptory self-defense — an allegation the trial court found to be meritless.  In short,
even if heat of passion negated an inference of malice in the initial beating, King's own
testimony negated heat of passion as an explanation for his final attack on Pope.

III.

Because the evidence was sufficient to prove King acted with malice when he injured
Pope, we affirm his conviction.

Affirmed.