UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and Chafin
Argued at Richmond, Virginia


OATHER J. WALKER, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1616-12-2           CHIEF JUDGE WALTER S. FELTON, JR.
                                                       MAY 21, 2013

CATHERINE R. WALKER


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Theresa Rhinehart for appellant.

No brief or argument for appellee.


Oather J. Walker, Jr. ("husband") appeals the final opinion and order of the Circuit Court of

the City of Richmond ("trial court") granting a divorce *a vinculo matrimonii* to Catherine R. Walker

("wife") on the grounds that the parties lived separate and apart for more than one year.  Husband

asserts that the trial court erred by:  (i) awarding wife thirty-five percent of his pension and

retirement plan through the Virginia Retirement System ("VRS") without specifying that the award

was thirty-five percent of the marital share of the retirement funds; (ii) awarding wife spousal

support in the amount of $225 per month for ten years; and (iii) waiving counsel's endorsement of

the final order of divorce, pursuant to Rule 1:13.

## I.  BACKGROUND

Husband and wife married on August 15, 1992 and separated on May 1, 2010.  Wife filed a

complaint for divorce on May 10, 2010, asserting cruelty and constructive desertion on the part of

husband.  Husband answered and filed a cross-complaint.  He denied wife's allegations and asked

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the trial court award him a divorce on the grounds of wife's desertion. At trial on June 12, 2012, both parties sought an equitable distribution award. Specifically, wife asked the trial court to award her "[thirty-five] to [forty] percent . . . of the marital share of [husband's] retirement, which is [seventeen] years." Wife also sought an award of spousal support in the amount of $300 per month. After hearing evidence and argument from the parties, the trial court took the matter under advisement.

On August 17, 2012, the trial court issued its opinion and final order of divorce. The trial court waived counsel's endorsement on the final order, pursuant to Rule 1:13. It granted wife a divorce on the grounds that the parties lived without cohabitation and without interruption for a period of one year, as required by Code § 20-91(A)(9)(a). The trial court further held that the former marital residence was husband's separate property and did not transmute into marital property. It found that wife was entitled to a portion of husband's retirement funds and awarded wife thirty-five percent of those funds. After considering all the factors enumerated in Code § 20-107.1(E), the trial court awarded wife spousal support in the amount of $225 per month for ten years, until she marries, or until either party dies. It directed the clerk of the court to send certified copies of its final opinion and order to all counsel of record.

Neither party filed any objections to the trial court's final opinion and order of divorce, nor requested a hearing regarding the final opinion and order. Neither husband nor wife filed a motion asking the trial court to reconsider its final opinion and order, nor did either party file any motion to set aside that opinion and order or any motion to suspend the trial court's ruling. Husband filed his notice of appeal of the trial court's final order on September 13, 2012, twenty-four days after the trial court issued its final opinion and order.

## II. ANALYSIS

### Rule 5A:18

Husband asserts that the trial court erred by awarding wife spousal support in the amount of $225 for ten years and waiving counsel's endorsement of the final decree of divorce, pursuant to Rule 1:13.[1] Because the arguments husband makes to this Court were not made to the trial court, we decline to consider them for the first time on appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*) ("The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention," as "it is unfair to reverse the trial court for an error which was not called to its attention in time for it to take corrective action." (citation omitted)). Accordingly, we conclude that husband's failure to raise any objection to the trial court's rulings or to move for reconsideration of the trial court's final written opinion and order bars appellate review of these issues, raised for the first time on appeal.

Husband argues, however, that the "good cause" exception to Rule 5A:18 excuses his failure to object to the entry of the final order by the trial court. He asserts that he did not have an opportunity to note his objections to the final order because the trial court, pursuant to Rule 1:13, dispensed with his endorsement of the order. However,

---

[1] Rule 1:13 provides, in pertinent part:

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served pursuant to Rule 1:12 upon all counsel of record who have not endorsed them. Compliance with this Rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

[this] Court may only invoke the "good cause" exception where an appellant did not have the opportunity to object to a ruling in the trial court . . . . [W]hen an appellant "had the opportunity to object but elected not to do so," the exception does not apply. Luck v. Commonwealth, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000) (citing Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)).

Perry v. Commonwealth, 58 Va. App. 655, 667, 712 S.E.2d 765, 771 (2011).

From our review of the record on appeal, we conclude that the record does not support husband's assertion that he did not have an opportunity, within the twenty-one-day period prescribed by Rule 1:1, to note his objections to the final opinion and order of the trial court. Because there is no indication in the record that husband was deprived of the opportunity to preserve his objections for appeal, the "good cause" exception to Rule 5A:18 does not apply. Accordingly, we will not consider husband's assertions of trial court error.

Husband's VRS Funds

At the equitable distribution hearing, wife asked the court to award her "a percentage of the marital share of [husband's] retirement," which she described as the "retirement earned while [they] were married." In closing arguments, wife's counsel requested that "she be awarded [thirty-five] to [forty] percent . . . of the marital share of his retirement, which is [seventeen] years. That is what the law is." In its final opinion and order, the trial court awarded wife "thirty-five (35) percent of the VRS funds."

On appeal, husband interprets the court's order to award thirty-five percent of the entire retirement account — both the marital *and* non-marital shares. We question whether this interpretation is contextually sound given the limited scope of wife's request. She did not ask for an award of any size from the non-marital portion of the retirement account. Nor could she have. See Code § 20-107.3(G)(1) (authorizing the distribution only of the "marital share" of a retirement account). Given the arguable ambiguity in the trial court's ruling, however, we remand this aspect

- 4 -

of the case pursuant to Code § 8.01-428(B) solely for the trial court to determine whether its order should be clarified on this issue and whether any clerical "inadvertent omission" in the order should be corrected.

### Attorney's Fees and Costs

On November 21, 2012, wife filed a motion with this Court seeking attorney's fees and costs incurred in prosecuting this appeal. She asserted that husband's appeal was frivolous and lacked merit. Because we disagree with wife's assertion that husband's appeal was frivolous, we deny her request for attorney's fees and costs associated with this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).[2]

### III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court and remand only for the purpose of permitting the trial court to clarify the amount of its award to wife of the marital share of husband's VRS funds, consistent with Code § 20-107.3(G)(1).

Affirmed and remanded.

---

[2] On January 7, 2013, husband filed a motion to strike wife's designation of certain documents from the joint appendix. Specifically, husband objected to the inclusion of the transcript of wife's deposition on January 10, 2012, and to the inclusion of documents under tabs 10, 11, 12, and 13 of her trial notebook. The documents included wife's proffers under Code §§ 20-107.1 and -107.3; her income and expense statement; and spousal support guidelines dated May 1, 2012. Husband asserted that these documents and the transcript of wife's deposition were not presented to the trial court as exhibits, were not admitted into evidence, and cannot be considered by this Court on appeal. We agree. Accordingly, we do not consider these documents for purposes of this appeal. Husband also filed a motion with this Court seeking attorney's fees and costs associated with responding to wife's designation of additional documents for the joint appendix. We deny husband's request for attorney's fees and costs. See O'Loughlin, 23 Va. App. at 695, 479 S.E.2d at 100.

- 5 -