UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Alston and Senior Judge Coleman


ROBERT MARTIN HARRIS

MEMORANDUM OPINION[*]
v.     Record No. 0038-13-3      PER CURIAM
JULY 30, 2013
DONNA HICKMAN HARRIS


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Jonathan M. Apgar, Judge

(Robert M. Harris, *pro se*, on briefs).

(Jonathan S. Kurtin; Valerie A. Chastain; Shapiro & Kurtin, on
brief), for appellee.


Robert Martin Harris (husband) appeals an order denying all but $1,000 of his request for

expenses associated with enforcing the parties' property settlement agreement (the PSA). Husband

argues that the trial court erred by (1) refusing to award him all of his counsel's fees and costs to

enforce or defend the PSA; (2) finding that the parties reconciled; and (3) failing to hear additional

motions, including the motion for reimbursement, and/or refusing to follow the terms of the PSA.[1]

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Husband married Donna Hickman Harris (wife) on July 19, 2003. They separated on

May 23, 2007. Wife's attorney prepared the PSA, which was dated May 23, 2007, and the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband also presented two questions presented, which restate his assignments of error.
Rule 5A:20(c) states that the Court only considers assignments of error, not questions presented.

parties signed it shortly thereafter. The PSA addressed the division of property and included a mutual waiver of spousal support. It also contained the following paragraph:

> The parties further agree that in the event either party should default under the provisions of this Agreement, the defaulting party shall be liable for all expenses incurred in the enforcement of this agreement by the non-defaulting party who substantially prevails in litigation including, but not limited to, reasonable legal fees, court costs, and travel expenses.

In November 2011, wife filed a complaint for divorce. She asserted that the parties reconciled from November 2007 until January 2008 and again in May or June 2008 until July 12, 2011, which was the date of their final separation. Although she attached a copy of the PSA to the complaint, she asked the trial court for a divorce based on desertion and sought an award of temporary spousal support, a no contact order, an award of "at least 50% of the marital assets," and an award of attorney's fees.

Husband filed an answer and cross-complaint for divorce. He asked the trial court for a divorce based on wife's alleged adultery. He asked that the PSA be incorporated into an order, and he requested an award of attorney's fees and costs. Husband subsequently received leave and filed an amended counter-claim, in which he asked the trial court to enter an order affirming, ratifying, and incorporating the PSA. He again requested an award of attorney's fees and costs. He also amended his claim for a divorce based on living separate and apart.

Wife filed an answer to the amended counter-claim and denied the "validity, enforceability, applicability, and construction" of the PSA. She requested an equitable distribution award and an award of attorney's fees and costs.

In the PSA, the parties agreed that husband would be the sole owner of ten different real estate properties. Wife would be the sole owner of one real estate property. Each agreed to be responsible for the liabilities associated with the properties and to sell or refinance the real estate

within six months of the PSA to release the other party from any financial liability associated with the property.

After May 23, 2007, husband acquired additional real estate and titled the property solely in his name. He argued that these properties were his separate property pursuant to the PSA; however, wife argued that they were marital property. Wife argued that the PSA should not be enforced. A hearing was held on August 14, 2012. The trial court decided to bifurcate the divorce and property issues.

On September 4, 2012, the trial court entered an order granting the parties a divorce based on living separate and apart. The order further established that the parties lived separate and apart since July 12, 2011. The trial court retained jurisdiction for "all matters concerning the remedy provided for by Virginia Code § 20-107.3." Husband filed a motion to reconsider and objections to the September 4, 2012 order because it did not reference the PSA. Husband also objected to the separation date of July 12, 2011, as opposed to May 23, 2007.

On October 5, 2012, the trial court issued a letter opinion, holding that the PSA was enforceable and that there would be no equitable distribution. The trial court rejected wife's argument that her waiver of marital rights to property acquired after the execution of the PSA applied only to property passing by will or intestacy. The trial court also rejected wife's argument that the PSA contained a blue pencil clause, and instead held that the PSA contained a severability clause, which did not affect the enforceability of the contract. Lastly, the trial court rejected wife's argument that the parties mutually repudiated the PSA and that there was a "mutual material breach" causing a "failure of consideration." Husband subsequently requested an award of attorney's fees and costs.

On December 13, 2012, the trial court entered an order finalizing the ruling in this matter and incorporating its October 5, 2012 letter opinion. The trial court denied husband's request for

attorney's fees "in that the opposition of the Plaintiff [wife] to the Separation Agreement was in good faith, not for the purposes of delay, and not a default as envisioned by the Separation Agreement." However, the trial court did award $1,000 to husband toward his costs for the court reporters.

Husband filed a motion to reconsider the ruling regarding attorney's fees and costs. The trial court denied the motion. This appeal followed.

ANALYSIS[2]

*Denial of an award of expenses*

Husband argues that the trial court "erred when it refused to award all counsel's fees and all costs to enforce or defend the PSA" to him. Husband contends he successfully enforced the PSA, so he should have been awarded all of the expenses he incurred in the litigation.

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

"On appeal, the Court reviews a trial court's interpretation of a contract de novo." Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)).

"Code § 20-109(C) bars the trial court from awarding counsel fees except in accordance with the property settlement agreement." Craig v. Craig, 59 Va. App. 527, 540, 721 S.E.2d 24, 30 (2012) (citing Rutledge v. Rutledge, 45 Va. App. 56, 67, 608 S.E.2d 504, 509 (2005)).

---

[2] Husband filed a motion requesting that the Court first address his argument that appellee did not present "appropriate and substantial issues" during the underlying litigation. This argument was not presented as a separate assignment of error. See Rule 5A:20(c). As it relates to the first assignment of error, the Court will address it.

- 4 -

During the trial, wife argued that property husband acquired after the parties separated was subject to equitable distribution. She claimed that the PSA did not define a key term in the following paragraph:

> All of the property of either party, except as hereinbefore provided, whether real, personal, or mixed, wheresoever situate, now held by a party absolutely or subject to the marriage rights of the other, or which shall in any manner devolve to one of the parties, shall be the sole and separate property of that party . . . .

She argued that by using the word "devolve," the parties meant that all future property, except that acquired by inheritance, was subject to equitable distribution. The trial court examined the totality of the PSA and rejected wife's argument by ruling that the parties intended to divide all of their property as of May 23, 2007. According to the terms of the PSA, neither party was entitled to property held in the future by either party.

Wife also argued that one of the paragraphs in the PSA included a "blue pencil" provision that was prohibited in other contracts, such as employment contracts. The trial court looked at the language and determined the questionable language was actually a severability provision, which was acceptable.

Lastly, wife argued that the parties' conduct was a mutual breach or mutual repudiation of the PSA. She noted that the parties sought a divorce based on fault grounds, when the PSA called for a divorce based on no-fault grounds. The trial court held that husband did not breach the PSA by initially seeking a divorce based on adultery because he was defending wife's allegations of desertion.[3] Wife also argued that the parties repudiated the PSA by not complying with its terms. However, the trial court found that husband could not have refinanced the real estate properties until wife conveyed them to him. The trial court further held that the parties did

---

[3] Husband's amended counter-claim sought a divorce based on living separate and apart.

not wait too long to enforce the PSA, as wife argued, because the five-year statute of limitations governing contracts had not expired.

Husband sought an award of all of his expenses for enforcing the PSA. He relied on the following paragraph in the PSA to support his argument.

> The parties further agree that in the event either party should default under the provisions of this Agreement, the defaulting party shall be liable for all expenses incurred in the enforcement of this agreement by the non-defaulting party who substantially prevails in litigation including, but not limited to, reasonable legal fees, court costs, and travel expenses.

After hearing the parties' argument, the trial court concluded:

> [T]he purpose of the litigation was done in good faith, and not solely for the purposes of harassment, delay, obfuscation, . . . or other purposeful delay; and, of course, the separation . . . agreement speaks to legal fees in the event of default. And from this point on, there may be default because the parties have finally been ordered to comply . . . .
>
> \*     \*     \*     \*     \*     \*     \*
>
> I'm finding that the litigation was generated in good faith by the plaintiff [wife], as to a complaint, the agreement should not be declared enforceable. That there is no default up to this point; there may be a default after this point.

The trial court awarded $1,000 toward husband's expenses, but denied his request for reimbursement of all of his expenses.[4] Husband subsequently filed a motion to reconsider the denial of attorney's fees and costs. The trial court issued a letter opinion, which stated that

> the resistance of the Plaintiff to enforcing the Separation Agreement was not done in bad faith or for deliberate delay. The litigation in this case addressed appropriate and substantial issues. The Court did award the Defendant a portion of his costs, which amount the Court asserts was sufficient under the circumstances of the case.

---

[4] Since wife did not include as an assignment of cross-error the propriety of the trial court's award of $1,000 toward husband's court reporter fees, we will not address whether the trial court erred in awarding husband these fees in consideration of the terms of the PSA.

On appeal, husband argues that the trial court erred in concluding that wife was addressing "appropriate and substantial issues" during the litigation, acting in good faith, and not in default of the PSA.

The PSA allowed for an award of expenses to the non-defaulting party when "either party should default under the provisions of this Agreement." In the December 13, 2012 order, the trial court specifically held that wife's opposition to the PSA was "not a default as envisioned by the Separation Agreement."

"'The noun "default" is defined as a "failure to do something required by duty or law."'" Stroud v. Stroud, 54 Va. App. 231, 239, 677 S.E.2d 629, 632 (2009) (quoting Clevert v. Soden, Inc., 241 Va. 108, 111, 400 S.E.2d 181, 183 (1991) (quoting Webster's Third New International Dictionary 590 (1986))).

The clause awarding expenses to the non-defaulting party is not applicable in this case because this was not an action enforcing a default in the terms of the PSA. Rather, wife sought to clarify certain terms of the PSA and argued that there was mutual breach of the PSA.

Therefore, because the PSA limited the award of all expenses incurred in enforcing the agreement against the defaulting party, and the trial court specifically found that wife was not the defaulting party, we hold that the trial court did not err in denying husband his request for all of his expenses incurred in the underlying litigation.

*Reconciliation*

Husband argues that the trial court erred when it found that the parties reconciled. In its October 5, 2012 letter opinion, the trial court found that the parties separated on May 23, 2007, but later reconciled and again separated in July 2011. Husband argues that they did not reconcile because the PSA defined their separation as of May 23, 2007.

The PSA included the following paragraph:

> In the event of reconciliation and resumption of the marital relationship between the parties, the provisions of this Agreement for settlement of property rights, spousal support, debt payments and all other provisions of this Agreement shall nevertheless continue in full force and effect without abatement of any term or provision hereof, except as otherwise provided by written agreement duly executed by each of the parties after the date of reconciliation.

Assuming without deciding that the trial court erred in concluding that the parties reconciled, any error would be harmless error.

The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

The issue of the parties' final separation date did not affect the terms of the PSA, or the ultimate outcome of this case, because the parties never executed another written agreement to amend or rescind the PSA. Therefore, if the trial court erred in holding that the parties reconciled, then the error was harmless.

*Procedural defaults*

Husband's last assignment of error states that the trial court erred by failing "to hear any more of Harris' properly filed and noticed . . . motions, including the Motion for Reimbursement . . . and/or refused to follow the terms of the PSA." Husband acknowledged that he did not present his arguments to the trial court and asked that the Court consider them pursuant to the good cause and/or ends of justice exceptions to Rule 5A:18.[5]

---

[5] Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

"The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." Perry v. Commonwealth, 58 Va. App. 655, 667, 712 S.E.2d 765, 771 (2011) (quoting Luck v. Commonwealth, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000)). Husband had the opportunity to object and present his arguments, but did not do so. Therefore, the good cause exception does not apply.

"'The ends of justice exception is narrow and is to be used sparingly . . . .'" Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. (emphasis in original) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). Husband failed to show that a miscarriage of justice occurred; therefore, the ends of justice exception does not apply.

Husband raises several other arguments in his brief, relating to real estate, transcripts, and the trial court's bias. Husband did not raise these additional arguments as assignments of error. Rule 5A:20 states that the Court will consider only the arguments related to the assignments of error. Accordingly, we will not consider the additional arguments in husband's brief.

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

*Costs incurred on appeal*

Husband has requested an award of costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  However, since wife has prevailed in this appeal, we deny husband's request for costs incurred on appeal.  See Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.