COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia

J. FOSTER MURPHY

OPINION BY
v.        Record No. 1730-17-3        JUDGE WILLIAM G. PETTY
MAY 8, 2018

VIRGINIA DEPARTMENT OF STATE POLICE

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Anita D. Filson, Judge

Thomas Neal Jamerson (William F. Etherington; Beale, Davidson,
Etherington & Morris PC, on briefs), for appellant.

E. Lewis Kincer, Jr., Assistant Attorney General (Mark R. Herring,
Attorney General; Samuel T. Towell, Deputy Attorney General, on
brief), for appellee.

On appeal, John Foster Murphy argues that the circuit court erred in refusing to reverse a

case decision made by the Director of the Department of Human Resource Management

(DHRM) upholding the termination of Murphy's employment with the Virginia Department of

State Police.  Murphy argues that the policy review done by DHRM as required by statute was

contradictory to law because the Director delegated the review rather than complete the review

personally.[1]

_____

[1] Murphy frames his argument as three assignments of error:  that the "trial court erred when it held that Code § 2.2-3006(A) did not specifically require the Director of DHRM to determine whether the hearing decision was consistent with policy," that the "trial court erred when it held that DHRM properly conducted a policy review and that Sgt. Murphy received the tripartite review to which he was entitled," and "that the "trial court erred when it held that the policy review conducted was not contradictory to law and affirmed the decision of the hearing officer."  Because all three assignments of error relate to the policy review conducted by DHRM, we address them together.

BACKGROUND

In September 2016, Murphy was discharged by the Virginia Department of State Police. Murphy filed a grievance challenging his dismissal. After a hearing in December 2016, a hearing officer issued a written decision in January 2017 upholding the dismissal. Murphy timely requested review of the hearing officer's decision in a January 12, 2017 letter addressed to both the Director of DHRM and the Director of DHRM's Office of Employment Dispute Resolution (EDR). The Director of EDR responded with a letter, on DHRM letterhead, entitled "Policy Ruling of the Department of Human Resource Management." The letter included a statement that the "agency head of [DHRM] . . . has directed that I conduct this administrative review for appropriate application of policy."[2] The letter upheld Murphy's dismissal. Murphy timely appealed the agency decision to the circuit court, which also upheld his dismissal.

Murphy now appeals to this Court. Murphy argues that the review performed by the Director of DHRM was contradictory to law because the Director assigned an employee of DHRM to conduct the policy review rather than perform the review herself.

STANDARD OF REVIEW

"We first note that in conjunction with the Virginia Personnel Act, Code § 2.2-2900 *et seq*, the General Assembly established a system for handling state employee complaints arising in the workplace by enacting the State Grievance Procedure. Code § 2.2-3000 *et seq*." Pound v. Dep't of Game & Inland Fisheries, 40 Va. App. 59, 63-64, 577 S.E.2d 533, 535 (2003).

> Pursuant to Code § 2.2-3006 of that statutory scheme, a party may appeal a final decision to the appropriate circuit court "on the grounds that the determination is contradictory to law." After a hearing of the appeal "on the record," the court may "affirm the decision or may reverse or modify the decision." Code § 2.2-3006.

---

[2] On the same day, the Director of EDR also wrote a letter, on DHRM/EDR letterhead, entitled "Administrative Review." In this letter, the Director of EDR found that the findings of the hearing officer were supported by the evidence and declined to disturb the hearing officer's determination.

> Such determinations of the circuit court may be appealed to this Court, pursuant to Code § 17.1-405(1), granting any aggrieved party the ability to appeal "any final decision of a circuit court on appeal from . . . a grievance hearing decision issued pursuant to § 2.2-3005." Code § 17.1-405(1). Thus, because the General Assembly granted to the circuit courts only the authority to consider whether the final determination of the hearing officer is "contrary to law," we are likewise limited to such review in considering whether the trial court erred in its determination.

Id. at 65, 577 S.E.2d at 535. In determining whether a grievance decision was "contradictory to law," "[t]he courts are limited to ascertaining compliance with constitutional provisions, statutes, regulations, and judicial decisions." Passaro v. Va. Dep't of State Police, 67 Va. App. 357, 367, 796 S.E.2d 439, 444 (2017); Va. Polytechnic Inst. v. Quesenberry, 277 Va. 420, 429, 674 S.E.2d 854, 858 (2009) ("The appealing party must 'identify [the] constitutional provision, statute, regulation or judicial decision which the [agency's] decision contradicted.'" (quoting Tatum v. Va. Dep't. of Agric., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003))). "Therefore, any determination that should properly be categorized as an issue of fact, policy, or procedure is outside the scope of judicial review. Because the only issues that are actually within the scope of our review are issues of law, we review these issues *de novo.*" Passaro, 67 Va. App. at 367, 796 S.E.2d at 444 (internal citation omitted).

VIRGINIA'S EMPLOYEE GRIEVANCE PROCEDURE

An employee of the Commonwealth who is covered by the State Grievance Procedure[3] and who is dismissed due to formal discipline or unsatisfactory job performance may request a formal grievance hearing. Code § 2.2-3003(A). "Upon the request of a party to a grievance hearing for an administrative review of the hearing decision, the Director of [DHRM] shall determine . . . whether the hearing decision is consistent with policy." Code § 2.2-3006(A).

---

[3] Certain employees of the Commonwealth are exempted from the State Grievance Procedure. Code § 2.2-3002.

Within thirty days of the Director's final decision, a party has a right to judicial appellate review of grievance hearing decisions on the grounds that the determinations were "contradictory to law." Code § 2.2-3006. Thus,

> the General Assembly has adopted a "tripartite review procedure." Under this procedure, the hearing officer acts as factfinder, DHRM determines compliance with state policy, and courts review whether the grievance determination is contrary to law. This review procedure allows the executive branch latitude to manage and discipline executive branch employees and to develop its own policy and procedures, subject to limited legal constraints.

Burke v. Catawba Hosp., 59 Va. App. 828, 834, 722 S.E.2d 684, 687 (2012). As the chief executive officer of the agency, the Director "may delegate or assign to any officer or employee of his agency any tasks required to be performed by him or the agency," but "[s]uch delegation [does] not relieve the chief executive officer . . . of the responsibility to ensure faithful performance of the duties and tasks." Code § 2.2-604.

ANALYSIS

Here, Murphy does not contend that no policy review was performed pursuant to Code § 2.2-3006(A). Rather, he argues that Code § 2.2-3006 "specifically requires that the Director of Department of Human Resource Management" personally conduct the review, which did not occur in his case. This interpretation conflicts with the plain language of the General Assembly authorizing the Director to delegate tasks. See Code § 2.2-604; Code § 2.2-1202.1(16). This Court has previously recognized

> that the legislature intended the [agency head] to designate agents for the purpose of aiding him or her in carrying out the duties set forth in the [Code]. To hold otherwise would render the statute absurd, creating a situation where the [agency head] must act personally in many instances, with no ability to delegate authority and responsibility in carrying out his or her legislative charge.

Parker v. Commonwealth, 42 Va. App. 358, 386-87, 592 S.E.2d 358, 372 (2004) (analyzing the duties of the Commissioner of the Virginia Department of Agriculture and Consumer Services).

- 4 -

In Code § 2.2-1202.1, the General Assembly enumerates some of the duties of the Director of DHRM, including the duty to "render final decisions" (subsection 5). Code § 2.2-1201.1 also directs the Director to establish various programs, procedures, and rules (subsections 1, 2, 3, 6, 7, 8, 9); to provide forms (subsection 4); to publish hearing officer decisions (subsection 7); to provide information (subsection 10); to maintain a toll-free telephone number (subsection 11); to collect statistical data (subsection 12); to make recommendations to the Governor and General Assembly (subsection 13); and to conduct training seminars (subsection 14). To hold that the Director must personally carry out each of these duties would be an absurd result. See Parker, 42 Va. App. at 387, 592 S.E.2d at 372. The Director of DHRM had statutory discretion to delegate the policy review required by Code § 2.2-3006(A); such delegation was not contradictory to law.

Nevertheless, Murphy argues that he was denied a full review of his grievance because the same DHRM employee completed both an administrative review and a policy review of his grievance. Murphy relies on the Grievance Procedure Manual to argue that he should have had separate reviews by DHRM and EDR. However, he "failed to identify to the circuit court any applicable constitutional provision, statute, regulation, or court precedent of this Commonwealth that the [agency] contradicted." Quesenberry, 277 Va. at 429, 674 S.E.2d at 858. The procedure manual is not a "constitutional provision, statute, regulation, or judicial decision" upon which an appeal to the circuit court, or to this Court, can be based. "It is simply a manual of procedure. Failure to abide by an agency's own policies and procedures does not render that decision 'contradictory to law.'" Burke, 59 Va. App. at 837, 722 S.E.2d at 689. "By limiting an appeal to issues 'contradictory to law,' the General Assembly underscores a guiding principle of the grievance procedure as set out in Code § 2.2-3004: 'Management reserves the exclusive right to manage the affairs and operations of state government.'" Va. Dep't of State Police v. Barton, 39 Va. App. 439, 447, 573 S.E.2d 319, 323 (2002).

Moreover, the Director has authority to "assign to *any* officer or employee of his agency *any* tasks required to be performed by him or the agency" even while remaining responsible for the task. Code § 2.2-604 (emphasis added). There is simply nothing in the statute that limits the Director's authority to delegate a task to an employee of the agency simply because the employee also completes a related task.[4]

CONCLUSION

The circuit court correctly concluded the Director of the DHRM was permitted to assign tasks to agency personnel as necessary or convenient to carry out the Director's duties. See Code § 2.2-604. The circuit court correctly concluded that

> the tripartite review procedure contemplated in [Code §] 2.2-3006(B) has been undisturbed. The appellant received a review of the facts by the Hearing Officer, a review of the policy by the DHRM and EDR, and a review of the law by this court. Since the determination was not contradictory to law, the decision of the Hearing Officer is affirmed.

Finding no error of law, we affirm.

Affirmed.

---

[4] Moreover, Murphy's argument that he was entitled to a "fresh set of eyes" by having separate reviews by both the DHRM and EDR has no statutory support. In 2012, the General Assembly transferred all duties of the Department of Employment Dispute Resolution to the Department of Human Resource Management. 2012 Va. Acts chs. 803, 835. The current codified grievance procedure provides for policy review by DHRM only. See generally Code §§ 2.2-3000 through 2.2-3008. Further, as noted above, any agency procedures affording additional review by the Office of Employment Dispute Resolution are not subject to review by this Court.