COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Huff, Athey and Fulton
Argued by videoconference


CHRISTOPHER C. CASSIDY

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1285-21-2                    JUDGE CLIFFORD L. ATHEY, JR.
                                                    MAY 3, 2022

VIRGINIA MUSEUM OF FINE ARTS


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Theodore J. Markow, Judge Designate

            David J. Cortes (Scott Gregory Crowley; Crowley & Crowley, P.C.,
            on briefs), for appellant.

            Alicia R. Johnson, Assistant Attorney General (Jason Miyares,
            Attorney General; Kati Kitts Dean, Assistant Attorney General, on
            brief), for appellee.


        Christopher C. Cassidy ("Cassidy") appeals the Virginia Museum of Fine Arts' ("VMFA")

decision to terminate his employment.  Specifically, Cassidy assigns error to the decision of the

Circuit Court of the City of Richmond ("circuit court") upholding that termination decision.  He

challenges the factual findings, argues that his termination violated due process, and maintains that

he was unlawfully denied appellate review.  For the reasons that follow, we affirm.

                                I. BACKGROUND

        We are bound by the factual determinations of the hearing officer.  *Taylor v. Va. Alcoholic*

*Beverage Control Auth.*, 70 Va. App. 237, 246 (2019).  The hearing officer found the facts to be as

follows.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Cassidy worked for VMFA as a watch commander for approximately nine years. When reporting for duty on August 21, 2020, Cassidy, who is white, walked into the control room and greeted Michael Goode ("Goode"), who is black, by calling him "brown cow." Cassidy made this statement in the presence of one of their fellow employees. Cassidy and Goode were not friends and only shared a working relationship. Shocked, Goode asked, "Did you just call me a black cow?" Cassidy replied, "No, a brown cow." Goode interpreted Cassidy's comment as a racial slur "which deeply angered, offended, and hurt" him. Goode reported the incident.

On September 10, 2020, VMFA issued Cassidy a Group III Written Notice with termination effective the same date for violation of Policy 2.35, Civility in the Workplace. Cassidy requested an administrative due process hearing to challenge his dismissal. The hearing officer heard the case on November 20, 2020. Goode and several other witnesses testified for VMFA. Cassidy did not testify, nor did he have any witnesses testify on his behalf. On December 9, 2020, the hearing officer determined that VMFA met its evidentiary burden of proving by a preponderance of the evidence that Cassidy violated Policy 2.35 and that the violation rose to the level of a Group III offense. As a result, the hearing officer upheld VMFA's decision to terminate Cassidy's employment.

Cassidy appealed that decision to the Department of Human Resource Management ("DHRM") which subsequently affirmed the hearing officer's decision and interpretation of DHRM policy. Cassidy then appealed to the Circuit Court for the City of Richmond which also affirmed the termination decision.

II. ANALYSIS

A. *Standard of Review*

Virginia uses a "tripartite review procedure" to evaluate employee grievances. *Taylor*, 70 Va. App. at 253 (quoting *Passaro v. Va. Dep't of State Police*, 67 Va. App. 357, 367 (2017)).

"[T]he hearing officer is the finder of fact and final authority on factfinding." *Id.* (quoting *Passaro*, 67 Va. App. at 367). The "DHRM and [Office of Equal Employment and Dispute Resolution] determine whether the hearing officer's ruling is in compliance with personnel policy and grievance procedure respectively." *Id.* (quoting *Passaro*, 67 Va. App. at 367). Finally, "the courts determine whether the grievance determination is 'contradictory to law.'" *Id.* (quoting *Passaro*, 67 Va. App. at 367).

"In determining whether a grievance decision was 'contradictory to law,' [t]he courts are limited to ascertaining compliance with constitutional provisions, statutes, regulations, and judicial decisions." *Id.* (alteration in original) (quoting *Murphy v. Va. Dep't of State Police*, 68 Va. App. 716, 720 (2018)). "Questions regarding whether a decision is contradictory to law . . . are reviewed *de novo*." *Id.* (quoting *Osburn v. Va. Dep't of Alcoholic Beverage Control*, 295 Va. 10, 17 (2018)).

A. *Cassidy did not preserve Assignments of Error I, II, IV, V, or VI for appeal.*

The record does not reflect that Cassidy preserved most of his arguments for appeal. "A mere statement that the judgment or award is contradictory to the law and the evidence is not sufficient to preserve the issue for appellate review." Rule 5A:18. Additionally, Rule 5A:18 requires a contemporaneous objection to preserve an issue for appellate review, "except for good cause shown or to enable this Court to attain the ends of justice."

An appellant shows good cause for failing to object by demonstrating it had no opportunity to raise the objection. *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (citing *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)). Here, the good cause exception does not apply because Cassidy's brief does not assert, and the record does not show, that he was unable to raise his objections below. Additionally, the ends of justice exception does not apply here because the record does not indicate that a miscarriage of justice would occur if we do not

address Cassidy's arguments. "To invoke the ends of justice exception, an appellant must affirmatively show[] that a miscarriage of justice has occurred[,] not . . . that a miscarriage *might* have occurred." *Id.* (first and third alterations in original) (internal quotation marks omitted) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (*en banc*)). The error must have been "clear, substantial[,] and material." *Id.* at 668 (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)). While Cassidy correctly argues that denial of due process falls within the realm of Rule 5A:18 to attain the ends of justice, he has failed to show such a violation and has not established that an error in due process "clearly had an effect upon the outcome of the case." *Brown*, 8 Va. App. at 131.

B. *The circuit court properly reviewed and affirmed Cassidy's termination.*

Cassidy argues that the circuit court did not properly review or decide his case. However, the circuit court did hear and consider the case on September 20, 2021. A party may appeal a state employment grievance decision to a circuit court for the purpose of determining whether the decision is "contradictory to law." Code § 2.2-3006(B). So, similar to our role, the circuit court only needed to consider whether VMFA's decision is contradictory to law. Here, the circuit court affirmed the hearing officer's determination because Cassidy gave no explanation as to why his termination was contradictory to law.

III. CONCLUSION

Because VMFA's termination of Cassidy's employment was not contradictory to law, we affirm the circuit court's ruling.

*Affirmed*.