COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Friedman and Callins
Argued at Richmond, Virginia

UNPUBLISHED

CHRISTOPHER BRENNAN

v.      Record No. 0262-22-2

VIRGINIA STATE POLICE

MEMORANDUM OPINION* BY
JUDGE DOMINIQUE A. CALLINS
FEBRUARY 7, 2023

FROM THE CIRCUIT COURT OF ORANGE COUNTY
David B. Franzén, Judge

Mark Bong for appellant.

Melissa Y. York (Harman, Claytor, Corrigan & Wellman, on brief),
for appellee.

Christopher Brennan was terminated from his employment as a law-enforcement officer

with the Virginia State Police (VSP) for failing to follow policy and making false statements

regarding a collision with his police vehicle. Contesting his termination, Brennan initiated

grievance proceedings under the State Grievance Procedure, Code §§ 2.2-3000-3008. Brennan's

termination was upheld by a hearing officer appointed by the Department of Human Resource

Management (DHRM), and the hearing officer's decision was affirmed upon subsequent

administrative review. Brennan then appealed to the Orange County Circuit Court, which

dismissed his appeal for failing to show that the hearing officer's decision was contradictory to

law. On appeal to this Court, Brennan alleges five assignments of error generally asserting that

the hearing officer erred by not sanctioning the VSP and excluding certain evidence from the

hearing, that the hearing officer erred in finding that there were no mitigating circumstances

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

warranting a reduction in the disciplinary action, and that the State Grievance Procedure violates due process and is unconstitutional because it does not permit a circuit court to reconsider the factual findings of a hearing officer on appeal. Finding no error of law, we affirm the judgment of the circuit court.

## BACKGROUND

"The facts of this case came before the circuit court, as they do to us, 'on the record' developed in the agency proceedings." *Va. Dep't of Transp. v. Stevens*, 53 Va. App. 654, 658 (2009); *see* Code § 2.2-3006(B). "In reviewing this appeal, we are 'bound by the hearing officer's factual findings.'" *Morris v. George Mason Univ.*, 74 Va. App. 531, 536 n.1 (2022) (quoting *Taylor v. Va. Alcoholic Beverage Control Auth.*, 70 Va. App. 237, 246 (2019)).

Prior to his termination, Christopher Brennan was employed as a law-enforcement officer with the VSP. On February 4, 2019, Brennan drove his police-issued vehicle to a local fire department for personal business. As he was leaving the venue, Brennan backed his police vehicle into the driver's-side door of another parked vehicle, causing damage to both vehicles. Brennan and the other vehicle owner agreed to resolve the damage themselves without using insurance or reporting the collision.

On February 6, 2019, Brennan reported to Lieutenant Jay Perry that he noticed damage to his police vehicle and had no information about when or how the damage occurred. Lieutenant Perry told Brennan to obtain repair estimates, which turned out to be over $1000. On February 8, 2019, Brennan asked Trooper Jason Jones to investigate the vehicle damage, and Trooper Jones went to Brennan's house and completed a Form SP-155 Vehicle Crash/Damage Report. Brennan told Trooper Jones that he noticed the damage to his police vehicle when he was removing equipment from the rear of the vehicle and that he did not know when or how the

- 2 -

damage occurred. Trooper Jones recorded Brennan's statements on the Form SP-155 and sent the completed form to Brennan and Lieutenant Perry.

On March 14, 2019, Brennan revised his story to Lieutenant Perry by informing him that the damage to his police vehicle had arisen from two separate incidents: (1) the incident at the fire department that Brennan had settled with the other driver, and which Brennan claimed caused minimal damage that he was able to buff out; and (2) a later unknown incident causing more significant damage that Brennan did not know when or how it occurred. When asked by Lieutenant Perry why he did not initially report the first incident, Brennan explained that he did not want supervision to think he was using his police vehicle for an unauthorized purpose, and he thought the damage was minor and not a big deal. In light of Brennan's conflicting statements, the VSP began an investigation into the incident and referred the matter to the Commonwealth's Attorney for prosecution against Brennan.

On August 7, 2019, Brennan was convicted in the Orange County General District Court for knowingly giving a false report to a law-enforcement officer. On March 2, 2020, on de novo appeal to the Orange County Circuit Court, the charges against Brennan were dismissed at the request of the Commonwealth's Attorney after Lieutenant Perry during his testimony referred to a newly-created Form FR300P Police Crash Report that had not been disclosed to Brennan as part of discovery. Lieutenant Perry also possessed a revised Form SP-155 Vehicle Crash/Damage Report that had not been disclosed to Brennan during discovery. The FR300P and revised SP-155 forms contained new information regarding Brennan's vehicle crash that the VSP had obtained as part of its investigation into the incident.

After the criminal proceedings concluded, the VSP initiated disciplinary action against Brennan. On September 14, 2020, Major Tricia Powers sent Brennan written notice of the administrative charges alleged against him, to which Brennan gave both oral and written

responses. On October 27, 2020, Major Powers sent written notice to Brennan that he was being terminated for engaging in one Group II offense of failing to follow policy and two Group III offenses of knowingly making a false statement. Brennan then filed a termination grievance pursuant to the State Grievance Procedure, Code §§ 2.2-3000-3008.

On March 8, 2021, a grievance hearing was held before a hearing officer appointed by the DHRM. By written decision dated May 24, 2021, the hearing officer upheld Brennan's termination from the VSP. In the decision, the hearing officer acknowledged that Brennan presented "significant" evidence suggesting that the VSP "unnecessarily pursued criminal charges against him and created documents it failed to disclose which ultimately resulted in the charges being dismissed." But the hearing officer concluded that this evidence did not constitute a mitigating factor under the Rules for Conducting Grievance Hearings, and therefore did not warrant a reduction in the disciplinary action.

Brennan timely requested administrative review by DHRM's Office of Employment Dispute Resolution (EDR), which issued a ruling affirming the hearing officer's decision. Brennan then appealed to the Orange County Circuit Court, which dismissed his appeal for failing to show that the hearing officer's decision was contradictory to law. Brennan finally noted his appeal to this Court.

ANALYSIS

"[I]n conjunction with the Virginia Personnel Act, the General Assembly established a system for handling state employee complaints arising in the workplace by enacting the State Grievance Procedure," Code §§ 2.2-3000-3008. *Morris*, 74 Va. App. at 538 (alteration in original) (quoting *Murphy v. Va. Dep't of State Police*, 68 Va. App. 716, 719 (2018) (citation omitted)).

> The state employee grievance procedure creates a "tripartite review procedure" setting forth the following roles: (1) the hearing officer

is the finder of fact and final authority on factfinding; (2) DHRM and EDR determine whether the hearing officer's ruling is in compliance with personnel policy and grievance procedure respectively; and (3) the courts determine whether the grievance determination is "contradictory to law."

*Passaro v. Va. Dep't of State Police*, 67 Va. App. 357, 367 (2017) (quoting *Va. Dep't of State Police v. Barton*, 39 Va. App. 439, 445 (2002)); *see* Code §§ 2.2-3005.1(C), -3006(A)-(B). "Pursuant to that review procedure, the hearing officer's findings of fact and the administrative determinations of compliance with grievance procedure by EDR and personnel policy by DHRM are not subject to judicial review." *Passaro*, 67 Va. App. at 367.

"Under this framework, in an appeal of a grievance proceeding, a reviewing court, whether it is a circuit or appellate court, may reverse or modify the decision only if it is 'contradictory to law.'" *Morris*, 74 Va. App. at 538 (quoting *Osburn v. Va. Dep't of Alcoholic Beverage Control*, 295 Va. 10, 17 (2018)); *see* Code § 2.2-3006(B). "In making this determination, the reviewing court is 'limited to ascertaining compliance with constitutional provisions, statutes, regulations, and judicial decisions.'" *Morris*, 74 Va. App. at 538 (quoting *Taylor*, 70 Va. App. at 253). "The party challenging the hearing officer's decision must specify how that decision is contradictory to the law and what law is thereby being contradicted." *Va. Dep't of Alcoholic Beverage Control v. Tyson*, 63 Va. App. 417, 423 (2014) (quoting *Stevens*, 53 Va. App. at 661). "Because the only issues that are actually within the scope of our review are issues of law, we review these issues *de novo*." *Passaro*, 67 Va. App. at 367. "By limiting an appeal to issues 'contradictory to law,' the General Assembly underscores a guiding principle of the grievance procedure as set out in Code § 2.2-3004: 'Management reserves the exclusive right to manage the affairs and operations of state government.'" *Barton*, 39 Va. App. at 447.

## I. Sanctions

For his first assignment of error, Brennan asserts that the hearing officer had to exclude the Form FR300P and revised Form SP-155 from the grievance proceeding to sanction the VSP for not disclosing those documents during Brennan's criminal proceedings. Brennan contends that this remedy would be akin to a trial sanction for a party that willfully spoils evidence or violates discovery rules. Brennan argues that the hearing officer's failure to sanction the VSP was contradictory to law, and he cites various Virginia cases involving sanctions for bad-faith conduct in a trial setting, and also cites Code § 8.01-379.2:1, which permits a trial court to impose sanctions against a party that spoils evidence.

Brennan's argument misses the mark. Virginia case and statutory law dealing with sanctions for bad-faith conduct in a trial setting are inapplicable to hearings governed under the State Grievance Procedure; thus, a hearing officer's actions regarding sanctions, by definition, cannot be contradictory to these laws. *Cf. Va. Polytechnic Inst. & State Univ. v. Quesenberry*, 277 Va. 420, 429-30 (2009) (holding that the grievant-appellant, by basing his argument on federal case law interpreting "sexual harassment" in a Title VII context, "failed to identify any applicable law that was contradicted by the hearing officer's decision" because his "grievance did not involve a Title VII claim but was an administrative proceeding conducted under the Virginia state grievance procedures"). For grievance proceedings, issues concerning party misconduct and sanctions are governed by EDR's Rules for Conducting Grievance Hearings,

which authorize the hearing officer to exclude evidence as a means of sanctioning a party that engages in bad-faith conduct. *See* Rules for Conducting Grievance Hearings §§ III(E), IV(D).[1]

Since a hearing officer's decision to impose sanctions is governed by EDR's own rules of procedure, and not Virginia law, the question whether a hearing officer should have imposed sanctions is one of agency procedure—not law—that is subject only to administrative review by EDR. *See* Grievance Procedure Manual § 7.2(a) (stating that administrative review by EDR includes any "challenge that the hearing decision is not in compliance with the grievance procedure (including this Manual and the *Rules for Conducting Grievance Hearings*)"); *cf. Burke v. Catawba Hosp.*, 59 Va. App. 828, 836-37 (2012) (holding that the Grievance Procedure Manual is not "law" but "simply a manual of procedure" and that "[f]ailure to abide by an agency's own policies and procedures does not render that decision 'contradictory to law'"). The State Grievance Procedure is statutorily designed to "allow[ ] the executive branch latitude to manage and discipline executive branch employees and to develop its own policy and procedures, subject to limited legal constraints." *Id.* at 834. Thus, although the hearing officer's decision not to impose sanctions may arguably be contradictory to EDR procedure, this decision cannot be contradictory to law.[2]

---

[1] Section III(E) states that a hearing officer has "the authority to order sanctions against a party for the misconduct of the party or the party's advocate" and that permissible sanctions include "[o]rdering the exclusion of related evidence." In considering whether to order sanctions, the hearing officer should consider various factors, including "the seriousness of the conduct, such as, for instance, whether the conduct was in bad faith." *Id.* Section IV(D) states that "[b]efore excluding evidence as a means of sanctioning a party, the hearing officer must take into account the factors identified in § III(E) for considering an order for sanctions."

[2] We note that, although the VSP engaged in discovery violations during Brennan's criminal proceedings (appropriately resulting in the dismissal of his criminal charges), nothing in the record suggests that the VSP violated any discovery rules during Brennan's grievance proceedings or withheld the Form FR300P and revised Form SP-155 from Brennan prior to his grievance hearing. We reject Brennan's attempt to conflate these two separate proceedings.

II.  Due Process

For his second assignment of error, Brennan asserts that the hearing officer erred by admitting into evidence the Form FR300P and revised Form SP-155 and by not finding that this evidence showed bad faith from the VSP and warranted mitigation of the disciplinary action. For his fifth assignment of error, Brennan asserts that the VSP failed to follow its own internal policies regarding vehicle accident investigations and departed from its own procedures when disciplining him.  Perhaps recognizing that these alleged errors concern matters of fact, policy, and procedure that are unreviewable by this Court on appeal, Brennan claims that these errors are contradictory to law because they violated his constitutional right to due process.

We disagree.  Under the Fourteenth Amendment of the U.S. Constitution, a State shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  We have consistently held that "[t]he 'elaborate statutory grievance procedures' required by the State Grievance Procedure 'more than satisfy the minimal requirements of due process.'"  *Tyson*, 63 Va. App. at 424 (quoting *Stevens*, 53 Va. App. at 664). In the employee grievance context, "[t]he due process doctrine gives a state employee with a property interest in his employment the right to 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" *Stevens*, 53 Va. App. at 664 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)).  This standard was met here.  Before his termination, Brennan received written notice of the charges alleged against him and was given an opportunity to respond to the charges.  Then, after his termination, Brennan participated in a full evidentiary hearing where he was represented by counsel, was presented with the VSP's evidence against him, and was able to present evidence in his defense, to call and cross-examine witnesses, and to contest all aspects of the

VSP's termination decision. Thus, "[i]t is hard to imagine how this process violated [Brennan's] due process rights." *Tyson*, 63 Va. App. at 424.

The Due Process Clause of the Fourteenth Amendment guarantees "process"; it does not guarantee a particular substantive outcome from that process. "The due process clause does not require state courts to be the final arbiters of the merits of a disciplinary discharge." *Stevens*, 53 Va. App. at 665. "When the minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations." *Id.* (quoting *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225, 227 (4th Cir. 1984)). During his grievance proceedings, Brennan was able to contest the admission of the FR300P and SP-155 forms and argue that the VSP's conduct warranted mitigation of the disciplinary action. Brennan was also able to argue that the VSP violated its own internal policies and procedures when terminating him from his employment. But the fact that Brennan did not receive a favorable outcome on these issues does not mean that he was denied due process.

For his third assignment of error, Brennan asserts that the State Grievance Procedure violates due process and is unconstitutional as applied to him because it does not permit a circuit court to reconsider the factual findings of a hearing officer in situations involving alleged bad-faith conduct by an employer. For his fourth assignment error, Brennan contends that the circuit court's inability to reconsider the factual findings of a hearing officer causes the State Grievance Procedure to be a systemic violation of due process and unconstitutional on its face.

Brennan's argument is unavailing. As explained above, Brennan's due process right to notice and a hearing was fully satisfied under the circumstances of this case. Moreover, "[t]he right to appellate review is a statutory right and is not a necessary element of due process." *Payne v. Commonwealth*, 233 Va. 460, 473 (1987); *accord Griffin v. Illinois*, 351 U.S. 12, 18

- 9 -

(1956) ("[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all.").  As such, the ability for a grievant to appeal to a circuit court under the State Grievance Procedure is a purely statutory right that does not arise from the U.S. Constitution at all.  Since a grievant does not have a due process right to appeal to a circuit court from a hearing officer's decision, it follows that the State Grievance Procedure's limitation of circuit court appellate review to only legal errors cannot be a violation of due process.  Thus, the State Grievance Procedure is not facially unconstitutional, nor is it unconstitutional as applied to Brennan.

CONCLUSION

The hearing officer's decision to uphold Brennan's termination from the VSP was not contradictory to law.  Accordingly, we affirm the circuit court's decision to dismiss Brennan's appeal.

*Affirmed.*