COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, White and Senior Judge Petty
Argued at Richmond, Virginia


KELSEY A. HALEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0978-22-2                      JUDGE WILLIAM G. PETTY
                                                    JULY 25, 2023

VIRGINIA DEPARTMENT OF CORRECTIONS


FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
Timothy K. Sanner, Judge

Kelsey A. Haley, *pro se*.

Muhammad Umar, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


In December 2020, the Virginia Department of Corrections ("VDOC") issued Kelsey A.

Haley a written notice of disciplinary action, demoted him, reduced his pay, and transferred him

to a different VDOC facility. Haley requested and received a hearing before an administrative

hearing officer under Code § 2.2-3004. The hearing officer found that Haley had violated

VDOC policies but reduced VDOC's disciplinary action to a lesser sanction. After appealing

that decision to the Office of Employment Dispute Resolution ("EDR") and the circuit court,

Haley now appeals to this Court. He raises a plethora of issues, many of which are not subject to

judicial review. Finding Haley's remaining assignments of error to be meritless, we affirm.

BACKGROUND

"[T]he 'tripartite review' procedure for state employee grievances makes the hearing

officer the finder of fact and final authority on factfinding, and [his] findings of fact are not

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

subject to judicial review." *Va. Dep't of Corr. v. Bishop*, 75 Va. App. 1, 3 (2022) (quoting *Passaro v. Va. Dep't of State Police*, 67 Va. App. 357, 367 (2017)). "Therefore, this Court is bound by the hearing officer's factual determinations as recorded in [his] written report." *Id.* (citing *Morris v. George Mason Univ.*, 74 Va. App. 531, 536 n.1 (2022)). The hearing officer found the facts to be as follows.

Haley began working for VDOC in 2009. He was promoted to captain in February 2020 and worked in a supervisory capacity at the Virginia Correctional Center for Women ("VCCW"). As a VDOC employee, Haley was subject to VDOC's Operating Procedures ("OP") and Department of Human Resource Management ("DHRM") policies.

In May 2020, Haley complained to the former warden of VCCW that Assistant Warden Amanda Mullins "made the atmosphere incredibly hostile." Haley also filed a complaint against another captain when that captain drafted employees from Haley's shift to cover so the captain could have a cookout.

In October 2020, Lieutenant Zachary Sweet, a correctional officer who worked under Haley, made an Equal Opportunity complaint alleging that Haley created a hostile work environment. A subsequent investigation by Pamela Sparkman, VDOC's employee relations manager, "revealed several employees confirming [Haley's] behavior." Specifically, Haley referred to female inmates as "fat cows" or "whores." Sergeant Antoinette Hayden testified at the grievance hearing that Haley made such comments "'very often' and at least once per week and once per shift." In speaking to his subordinate female staff, Haley often expressed his displeasure with management, including Mullins, referring to them as "stupid," and "bitches, cunts, and whores." Sweet told Sparkman that these "comments were sporadic but became more intense" in early October 2020.

VDOC first notified Haley of its internal investigation in October 2020 and placed him on pre-disciplinary leave. Haley denied the charges, and Sparkman filed her report in November 2020. Shortly thereafter, VDOC issued Haley a Due Process Notification asserting violations of OP 135.1 (outlining a variety of expectations for VDOC employees, including that they "[c]reate and maintain a Healing Environment with the [V]DOC by treating coworkers, supervisors, managers, subordinates, offenders and other stakeholders with respect, courtesy, dignity, and professionalism"), 135.2 (providing that "employees must model a professional, healing, and supportive relationship when interacting with persons under [V]DOC supervision" and "should be respectful, polite, and courteous in their communication and interaction with offenders"), 135.3 (providing that "employees are expected to conduct themselves in an appropriate, professional manner"), and 145.3 (prohibiting "harassment, discrimination, and bullying"). This notification did not cite DHRM Policy 2.35. Haley filed a detailed written response denying that he ever used disrespectful or inappropriate language. He did not complain that the Due Process Notification lacked the requisite specificity to allow him to respond to the charges.

In December 2020, Assistant Warden Mullins issued Haley a Group III Written Notice of disciplinary action asserting that Haley had violated the four OPs discussed above as well as DHRM Policy 2.35, which governs civility in the workplace.[1] OP 135.1 lists violations of DHRM Policy 2.35 or OP 135.2 as Group III offenses that permit a state employer to remove an employee. Alternatively, the employer may demote, transfer, or reduce the employee's pay. VDOC, through Mullins, demoted Haley two ranks from captain to sergeant, reduced his pay by fifteen percent, and transferred him to another facility.

---

[1] The written notice includes a checked box labeled "Group III" with a variety of offense codes, including "39." An attachment indicates that offense code 39 refers to DHRM Policy 2.35.

Haley filed a grievance challenging the disciplinary action. He denied making the offending comments and asserted that VDOC issued the grievance in retaliation for his complaints against Assistant Warden Mullins.

The hearing officer held a hearing where he took testimony from several witnesses, including Sparkman, Hayden, and Haley. Neither Sweet nor Mullins testified, and Haley did not request their testimony.[2] After the hearing, the hearing officer upheld the issuance of the Group III Written Notice. Although the hearing officer did not find that VDOC retaliated against Haley due to his complaints, he found that the two-level demotion was sufficiently serious to raise questions as to whether Assistant Warden Mullins had acted out of personal dislike for Haley. Accordingly, the hearing officer promoted Haley by one rank to lieutenant and awarded Haley commensurate back pay.

Haley administratively appealed to the EDR, which upheld the hearing officer's decision. As part of his appeal, Haley submitted the disciplinary record of another officer that had not been presented to the hearing officer; the EDR found the document unlikely to change the outcome. Haley then appealed to the circuit court, which concluded that the grievance determination was not contrary to law. Haley now appeals to this Court.

ANALYSIS

I. Standard of Review

"[I]n conjunction with the Virginia Personnel Act, the General Assembly established a system for handling state employee complaints arising in the workplace by enacting the State Grievance Procedure." *Morris*, 74 Va. App. at 538 (alteration in original) (quoting *Murphy v. Va. Dep't of State Police*, 68 Va. App. 716, 719 (2018)); *see also* Code §§ 2.2-3000 to -3008. This employee grievance procedure creates a "tripartite review procedure" with the following

---

[2] VDOC no longer employed Sweet at the time of the hearing.

- 4 -

roles: "(1) the hearing officer is the finder of fact and final authority on factfinding; (2) DHRM and EDR determine whether the hearing officer's ruling is in compliance with personnel policy and grievance procedure respectively; and (3) the courts determine whether the grievance determination is 'contradictory to law.'" *Passaro*, 67 Va. App. at 367 (citing *Va. Dep't of State Police v. Barton*, 39 Va. App. 439, 445 (2002)).

"Under this framework, in an appeal of a grievance proceeding, a reviewing court, whether it is a circuit or appellate court, may reverse or modify the decision only if it is 'contradictory to law.'" *Morris*, 74 Va. App. at 538 (citing *Osburn v. Va. Dep't of Alcoholic Beverage Control*, 295 Va. 10, 17 (2018)). "In determining whether a grievance decision was 'contradictory to law,' '[t]he courts are limited to ascertaining compliance with constitutional provisions, statutes, regulations, and judicial decisions.'" *Murphy*, 68 Va. App. at 720 (alteration in original) (quoting *Passaro*, 67 Va. App. at 367). Further, it is the appealing party's burden to "identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted." *Osburn*, 295 Va. at 17 (alterations in original) (quoting *Va. Polytechnic Inst. & State Univ. v. Quesenberry*, 277 Va. 420, 429 (2009)). "Questions regarding whether a decision is contradictory to law, including the meaning of any underlying statutes, are reviewed de novo." *Id.* (citing *Quesenberry*, 277 Va. at 429; *REVI, LLC v. Chicago Title Ins. Co.*, 290 Va. 203, 208 (2015)).

## II. Hearing Officer's Factual Determinations (Assignments of Error One, Two, Six, Ten, and Fifteen)

In his first assignment of error, Haley argues that the circuit court erred in declining to review the hearing officer's factual and evidentiary determinations. In essence, Haley contends that the many previous decisions from the Virginia Supreme Court and this Court establishing the proper standard of review to apply to state employee grievances were wrongly decided. *See,*

*e.g.*, *Osburn*, 295 Va. at 17; *Taylor v. Va. Alcoholic Beverage Control Auth.*, 70 Va. App. 237, 253 (2019).

We decline Haley's invitation to abandon existing precedent. Under the interpanel accord doctrine, "a decision from a panel of this Court 'cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court.'" *Sandoval v. Commonwealth*, 64 Va. App. 398, 419 (2015) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)). Similarly, we do not have the authority to overrule decisions by the Supreme Court. *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017).

Accordingly, we can quickly resolve several of Haley's assignments of error. Haley's second assignment of error (arguing that the circuit court erred in declining to consider evidence outside of the hearing record that Haley claimed undermined the hearing officer's factual determinations), sixth assignment of error (challenging the hearing officer's determination that Sparkman's testimony was credible), tenth assignment of error (challenging the hearing officer's factual finding that the imposed discipline was not in retaliation for Haley's complaints),[3] and fifteenth assignment of error (challenging the hearing officer's determination that Haley violated OP 135.1 and 135.2) all challenge the hearing officer's factual findings. The circuit court, operating as an appellate court, properly concluded that those issues fell outside the scope of appellate review.

III. Evidentiary Issues (Assignments of Error Twelve and Thirteen)

In his twelfth and thirteenth assignments of error, Haley contends that the hearing officer failed to follow the proper witness procedures in DHRM's Rules for Conducting Grievance

---

[3] Haley argues that the circuit court erred in failing to apply *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to Haley's retaliation claim. *McDonnell Douglas* established a burden-shifting framework for analyzing causes of action under Title VII, 42 U.S.C. §§ 2000e to -17. 411 U.S. at 802-03. Title VII is not at issue during a grievance proceeding conducted under Virginia law.

Hearings and that he failed to follow DHRM's "best evidence guidance" contained in the DHRM online publication "Basic Skills for Presenting Your Case at Hearing."

Code § 2.2-3005(C) vests hearing officers with the power to "[i]ssue orders requiring testimony or the production of evidence" as well as "[r]eceive probative evidence [and] exclude irrelevant, immaterial, insubstantial, privileged, or repetitive" evidence. Haley concedes that formal rules of evidence do not apply to grievance hearings. Rules for Conducting Grievance Hearings § IV(D). Nonetheless, he argues that the hearing officer failed to follow internal policies.[4]

An agency's "procedure manual is not a 'constitutional provision, statute, regulation, or judicial decision' upon which an appeal to the circuit court, or to this Court, can be based. . . . 'Failure to abide by an agency's own policies and procedures does not render that decision "contradictory to law."'" *Murphy*, 68 Va. App. at 723 (quoting *Burke v. Catawba Hosp.*, 59 Va. App. 828, 837 (2012)); *see also Barton*, 39 Va. App. at 446 (holding that policy established by a state agency is not "law" and that "[t]he General Assembly has clearly vested review of policy issues involved in employee grievances in the [DHRM], and not in the courts"). Haley's twelfth and thirteenth assignments of error accordingly fall outside the scope of appellate review.

IV. Disparate Discipline Evidence (Assignments of Error Three and Seventeen)

In his third assignment of error, Haley asserts that VDOC improperly withheld the disciplinary record of a Caucasian female correctional officer who received less severe discipline than Haley for assertedly similar offenses, thus preventing Haley from presenting the record to the hearing officer as mitigating evidence. In his seventeenth assignment of error, Haley argues that the disparate disciplinary record shows that the hearing officer violated Haley's equal

---

[4] Based on the description in Haley's brief, the "best evidence guidance" in "Basic Skills for Presenting Your Case at Hearing" appears to be a practical guidance for a grievant in presenting his or her case rather than a policy binding a hearing officer.

protection rights as a Caucasian male. Haley presented this evidence to EDR, which considered it and found that it "would not provide a sufficient basis for a hearing officer to determine that mitigation is appropriate" because the other employee's conduct—offensive language used during a single incident that was not "demeaning, hostile, [or] gender-based"—was dissimilar to Haley's conduct. Whether Haley's evidence is mitigating is a policy matter for EDR that falls outside of this Court's judicial review, and we see no basis to conclude that VDOC unconstitutionally disciplined Haley more harshly based on race or gender or withheld evidence in a manner contradictory to law.[5]

V. Notice (Assignments of Error Five,[6] Seven, Eight, and Nine)

Haley argues that the circuit court erred in concluding that VDOC provided him with sufficient notice of the charges against him. His notice arguments are twofold: (1) he asserts that VDOC failed to inform him of the "time, date and place of the incident"; and (2) he asserts that the hearing officer improperly found him in violation of DHRM 2.35 for which VDOC gave him no pre-discipline notice.

First, to the extent that Haley relies on the Fourteenth Amendment, a state employee with a property interest in his employment has the right to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). We have previously held that "'[t]he "elaborate statutory grievance procedures" required by the state grievance procedure "more than satisfy the minimal requirements of due process."'" *Taylor*, 70 Va. App. at 263-64 (alteration in original) (quoting *Va. Dep't of Alcoholic Beverage Control v. Tyson*, 63

---

[5] Moreover, it is unclear whether Haley presented his equal protection argument to EDR. Rather, Haley seems to have presented the other disciplinary record only as mitigating evidence.

[6] Haley's fifth assignment of error is that the circuit court failed to act impartially; that argument is based on the circuit court's rejection of Haley's notice argument.

Va. App. 417, 423-24 (2014)); *cf. Barton*, 39 Va. App. at 447 ("As the provision of a state grievance procedure for state employees is a matter of legislative grace, the General Assembly has wide latitude in how it chooses to structure that process, including any right of appeal.").

In *Va. Dep't of Transp. v. Stevens*, 53 Va. App. 654, 664 (2009), this Court rejected a state employee's argument that the termination of his employment was contrary to law because he had not been informed that "threatening or coercive conduct outside the workplace was subject to disciplinary action." This Court declined to "recognize[] a new substantive right not to be fired at all if the employer does not warn the employee of each specific example of misbehavior for which the employee could be fired." *Id.* Such an argument, this Court held, "confuses the notice required by constitutional due process (pre-deprivation notice of an *impending* termination decision) with the notice typically provided, but not constitutionally required, by state employment policies (notice of possible grounds for a *potential* termination)." *Id.* at 664-65.

Next, Haley directs us to the Correctional Officer Procedural Guarantee Act ("COPGA"), Code §§ 9.1-508 to -512, effective July 2018.[7] *See* 2018 Va. Acts chs. 761-62. Code § 9.1-509(B)(1) provides that, before VDOC can discipline a correctional officer, "[t]he correctional officer shall be notified in writing of all charges, the basis therefor, and the action that may be taken." No court has interpreted COPGA since its passage in 2018; we conclude that VDOC complied with COPGA's command.

First, nothing in COPGA's language obligates VDOC to provide specific information about the time, date, and place of the incident beyond what it provided here. VDOC asserted that

---

[7] Haley also cites OP 135.1 § IV(A), which provides that disciplinary investigations should assemble the "time, date, and place of the incident." As previously discussed, we will not find a grievance decision "contradictory to law" based on a failure to follow internal procedures and policies.

Haley made offensive and inappropriate comments on a continual basis while patrolling the exterior fence of the facility with several subordinates. Haley made such comments "at least once per week and once per shift." The circuit court properly found that such allegations were sufficiently particularized to place Haley on notice of the charges against him even without specific dates.

As for Haley's argument that the Due Process Notification failed to list DHRM 2.35, Haley reads the word "charges" in Code § 9.1-509(B)(1) too narrowly. VDOC notified Haley of all of the conduct for which it was disciplining him. *Cf. Va. Dep't of Corr. v. Compton*, 47 Va. App. 202, 221-23 (2005) (finding that a written notice informed the grievant of the charges against him because it put him on notice of the "behavior" that led to the termination of his employment).[8] Haley had, and availed himself of, multiple opportunities to respond to those allegations, both before and after VDOC imposed discipline. He fails to explain how his responses—blanket denials of any wrongdoing—would have been different had the Due Process Notification also listed DHRM 2.35 alongside the various OPs that prohibited essentially identical conduct. Moreover, we have held that a hearing officer has the authority to modify the basis of the discipline beyond that relied upon by the agency. *Id.* at 223-24. Accordingly, VDOC's notice to Haley was not contrary to law.

### VI. Confrontation (Assignment of Error Eleven)

Next, Haley argues that the circuit court erred in affirming the hearing officer's decision when Haley had no opportunity to confront his accuser or Assistant Warden Mullins. Once again, Haley's argument is unpersuasive.

---

[8] We recognize that *Compton* predates the effective date of COPGA. Although COPGA alters the timing of when a state employee must be informed of the charges against him, it does not change the substantive content the agency must include in detailing the charges.

First, to the extent that Haley relies on the Sixth Amendment of the United States Constitution, the Confrontation Clause applies only to criminal prosecutions. *See* U.S. Const. amend. VI; *see also Henderson v. Commonwealth*, 285 Va. 318, 325-26 (2013). Second, Haley was able to cross-examine Sergeant Hayden, who corroborated Sweet's allegations against Haley. Finally, Haley did not attempt to call Sweet or Assistant Warden Mullins to testify. We therefore conclude that Haley's ability to challenge VDOC's evidence comported with due process.

## VII. Constitutional Challenges (Assignments of Error Fourteen and Sixteen)

Haley argues that the circuit court erred when it failed to consider his argument that Virginia's state grievance procedure violates the Virginia and United States Constitutions. To the contrary, the circuit court considered Haley's argument but found it meritless: The circuit court ruled, "Having reviewed the State Grievance Procedure, and particularly in how it was applied in this case, the Court finds no violation of the United States Constitution nor that of the Virginia Constitution; consequently, the Court does not find this procedure unconstitutional."

We agree with the circuit court. Haley cites no provision of the United States Constitution that the grievance procedure allegedly violates. He cites article III, section 1, and article VI, section 8 of the Virginia Constitution. Article III, section 1 lays out the principle of separation of powers, provides for the creation of administrative agencies, and states that "[p]rovisions may be made for judicial review of any finding, order, or judgment of such administrative agencies." Article VI, section 8 empowers the General Assembly to "provide for additional judicial personnel" and define their jurisdiction. Neither of these provisions call into question Virginia's grievance procedure, which "carries a strong presumption of validity."[9] *See*

_____

[9] Haley's argument appears to challenge Virginia's grievance procedure solely on the basis of its implementation, i.e., he asserts that administrative agencies abuse the system by

- 11 -

*Jaynes v. Commonwealth*, 276 Va. 443, 461 (2008) (quoting *City Council of Emporia v. Newsome*, 226 Va. 518, 523 (1984)).

Haley also argues that the DOC's "healing environment policy," specifically OP 010.5's definition of "dialogue," is unconstitutionally vague. Haley was neither accused of violating nor found in violation of OP 010.5.[10] The record contains no discussion of OP 010.5 or its definition of "dialogue" whatsoever. Accordingly, Haley has not presented us with any error to review.

## VIII. Highest Degree of Trust (Assignment of Error Four)

Finally, Haley argues that VDOC violated Code § 2.2-3004(B)'s requirement to "exercise its power with the highest degree of trust" by retaliating against him, denying him the right to confront his accuser, and withholding the other employee's disciplinary record. We have addressed each of these three arguments separately and find no additional import to Haley's citation to Code § 2.2-3004(B).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.

---

appointing biased hearing officers. We decline to unravel the hearing officer system based on Haley's mere assertion that "[t]he DHRM's [hearing officers] are not 'wise, respected elders.'"

[10] The hearing officer found Haley in violation of OP 135.1, which obligates employees to "[c]reate and maintain a Healing Environment with the [V]DOC by treating coworkers, supervisors, managers, subordinates, offenders and other stakeholders with respect, courtesy, dignity, and professionalism." Although OP 135.1 references a "healing environment," Haley's sixteenth assignment of error does not discuss OP 135.1 at all.