COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Fulton and Causey

ORLANDO MITCHELL HILL

                                                    MEMORANDUM OPINION*
v.        Record No. 1831-22-4                           PER CURIAM
                                                    SEPTEMBER 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Bradley R. Haywood; Office of the Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.

The trial court found Orlando Mitchell Hill in violation of his probation for his 2016

conviction for grand larceny. The trial court revoked the remainder of his two-year suspended

sentence and ordered him to serve it in its entirety. Hill contends that the trial court abused its

discretion in imposing his sentence and that the sentence was disproportionate and unwarranted. He

also argues that he was deprived of his right to a neutral and detached factfinder at the revocation

hearing. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). We affirm the judgment.

## BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Upon a guilty plea, the trial court convicted Hill of grand larceny. On July 1, 2016, the trial court sentenced Hill to 5 years of imprisonment with all but 90 days suspended. The trial court ordered Hill to complete three years of probation.

By major violation report (MVR) dated June 12, 2017, a probation officer alleged that Hill violated his probation. Hill was arrested for grand larceny on March 6, 2017, but entered a guilty plea to petit larceny and was sentenced to 12 months in jail with 8 months suspended. In addition, the MVR stated that Hill failed to report to the probation officer after release from jail in May 2017.

Upon consideration of the probation violation, the trial court ordered Hill to be evaluated for the ACT Unit substance abuse program, but he was ineligible due to his high "security level." On September 15, 2017, the trial court found Hill in violation of his probation, revoked his suspended sentence, and resuspended all but two years. The trial court ordered Hill to complete seven years of probation upon his release from incarceration.

Hill resumed supervised probation on April 29, 2019. An October 23, 2019 MVR claimed that Hill had failed to report to the probation office as instructed for drug testing and his probation officer was unable to contact him at his home or by phone. His whereabouts were unknown. Before he absconded, Hill tested positive for synthetic marijuana three times. The trial court issued a capias, but Hill was not arrested until October 13, 2021.

In a November 4, 2021 MVR addendum, the probation officer wrote that on October 25, 2019, Hill was arrested for petit larceny as a third offense in Fairfax County; on May 10, 2021, Hill was convicted of petit larceny as a second offense and sentenced to six months in jail, all suspended. In addition, on November 7, 2020, Hill was charged with second-degree theft in Washington, D.C.

At a November 5, 2021 probation violation hearing, Hill asserted that he suffered from depression and schizoaffective disorder and represented that he was seeking admission to the "mental health docket" for his federal charge and attempting to obtain mental health services through One Care DC, Inc. The trial court ordered Hill to complete a mental health evaluation.

At a hearing on December 3, 2021, Hill asked to be released on bail so that he could appear in court on the Washington, D.C. charge and gain admission to the "mental health docket" there. The trial court continued the matter to collect and review Hill's records concerning his mental health treatment with One Care DC, which he sought before he was arrested.

Hill's probation officer, at a follow up hearing, indicated that there was a mental health treatment plan in place for Hill at One Care DC. When not incarcerated, Hill resided with his sister in Washington, D.C., but his probation could not be transferred to that jurisdiction while the Arlington County probation violation proceeding was pending. Hill averred that if the trial court released him subject to pretrial services, he could return to Washington and continue his mental health treatment there. The trial court ordered Hill's release upon conditions that he report weekly for pretrial supervision with the local sheriff's office and comply with recommended services at One Care DC.

At a January 7, 2022 hearing, the parties confirmed that Hill had reported to One Care DC and begun the necessary procedure to receive treatment. The trial court asked to receive information concerning Hill's status with One Care DC at the next scheduled hearing on March 4, 2022. A probation officer indicated that Hill's supervision could not be transferred to Washington, D.C., because of the pending probation violation in Arlington.

On February 15, 2022, Hill was convicted of the Washington, D.C. theft offense and sentenced to 15 days in jail, all suspended. The trial court noted the new conviction at the March 4, 2022 hearing, and heard evidence that since his last court appearance Hill had been compliant with

the probation office and with One Care DC. The trial court indicated that it was concerned with Hill's history of thefts, but stated, "[I]t appears hopeful[] with some mental health treatment, you can get past this. So, that's what I'm really focused on." The trial court continued the matters to April 1, 2022, and then to May 20, 2022, to obtain Hill's psychological evaluation and for a drug test.

In May 2022, Hill failed to report for weekly drug testing as required by pretrial services, then appeared and refused to produce a sample for drug testing. Hill was compliant with mental health treatment services, but advised an evaluator at One Care DC that he used "K2 every day, all day long."[1]

At the May 20, 2022 hearing, Hill explained that he was struggling with meeting his probation obligations in Arlington as well as his ongoing mental health treatment in Washington, D.C. Upon Hill's admissions, the trial court found Hill in violation of his probation. Hill's attorney asked the trial court to impose the three months Hill had already served and close the matter. The trial court stated that it was "a very difficult case because we have an individual who consistently steals." The trial court ordered immediate drug testing, which it required to adjudicate the matter properly. Hill admitted that such a test would be positive for illicit substances. Based on Hill's demeanor in court, the trial court revoked Hill's bond, ordered him to submit to drug screening, and continued the matter to July 1, 2022.

Before the next scheduled hearing, the trial court granted Hill's attorney's motion to withdraw and appointed the public defender as his counsel.

On July 1, 2022, Hill argued that he "genuinely wants" mental health and substance abuse treatment and asserted that he had invested in his own mental health by seeking out One Care DC. He was living with his sister in Washington, D.C., but Hill's probation supervision could not be

---

[1] "K2" is a synthetic cannabinoid.

transferred there because of the pending probation violation proceeding. Hill admitted that his drug use was related to his mental health issues and contributed to his criminal behavior. Hill was taking medication for his diagnosis of schizoaffective disorder and bipolar disorder. The trial court found Hill in violation of his probation for his new convictions for thefts in 2019 and 2020, revoked the suspended sentence, and resuspended it. The trial court ordered that Hill be released on July 5, 2022, and restored him to probation. As special conditions of his probation, the trial court ordered that Hill resume mental health services at One Care DC and report as instructed to a Washington, D.C., probation office. The trial court scheduled a status hearing for August 19, 2022, and stated that it expected to receive at that hearing "some documentation from One Care as to [Hill's] compliance with the [c]ourt's order."

At the status hearing on August 19, 2022, the trial court learned from the probation office that Hill failed to report for drug testing, to remain drug free, and to report to his mental health provider. Hill's probation supervision was denied transfer to Washington, D.C., because Hill's sister did not cooperate with the transfer process, so Hill's home plan was not verified. The trial court observed at the hearing, "I think a lack of understanding is [involved in] that Mr. Hill doesn't realize that when I allow him not to serve his time, and give him conditions to meet, he has to meet every one of those conditions." The trial court further stated that "he has been resistant for some time." The trial court revoked Hill's bond and set the matter for a hearing on September 16, 2022, on the new probation violation for failing to remain drug free, absconding, failing to comply with his probation officer's instructions, and failing to comply with the trial court's orders imposing probation conditions.

After hearing Hill's representations at the September 16, 2022 hearing about why he was unable to comply with the probation conditions involving both reporting to the probation office in Arlington County and receiving mental health treatment at One Care in Washington, D.C., the trial

court and the public defender debated the attorney's request for the trial court to impose a five-month sentence and close the case. The trial court criticized the argument at length and observed that it expected the attorney to advocate for Hill and his best interests rather than presume that previously expressed views of Hill's likelihood to succeed on supervised probation suggested no other option than incarceration. Hill's attorney disagreed with the trial court's assessment and accused the trial court of "personally insulting him." The trial court noted that counsel was "out of order" and "insulting him." The trial court ordered Hill to be evaluated for the Community Corrections Alternative Program (CCAP) and continued the case to October 7, 2022.

At the October 7, 2022 revocation hearing, the trial court noted that Hill was found ineligible for CCAP. Hill's attorney again argued for a sentence of five months and closure of the case. The trial court found Hill in violation of his probation, revoked his suspended sentence, and ordered him to serve the two-year sentence. This appeal followed.

ANALYSIS

I.

Hill argues that the trial court abused its discretion in sentencing him to an active term of two years of incarceration. He maintains that the trial court failed to weigh the evidence appropriately, including the facts and circumstances in mitigation, and imposed a disproportionately harsh sentence.

Pursuant to Code § 19.2-306(A), a trial court may "revoke the suspension of sentence for any cause [it] deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Upon determining that a defendant has violated the

terms of his suspended sentence, a trial court may revoke that suspension and "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1."[2]  Code § 19.2-306(C).

The "revocation of a suspended sentence lies in the discretion of the trial court and . . . this discretion is quite broad." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976)).  Nevertheless, "[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960).  "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)).  "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

While not claiming that the trial court lacked cause to revoke his probation at the October 2022 revocation hearing, Hill contends that the trial court failed to consider several mitigating circumstances, including: the circumstances surrounding his 2016 conviction for grand larceny, that his subsequent convictions were only for misdemeanor thefts, his ongoing struggles with mental health and substance abuse, and the length of his prior incarceration for a probation violation.  To the contrary, however, the collective history of the trial court's consideration of Hill's probation since his 2016 conviction demonstrated that the trial court actively sought to have him evaluated for alternatives to incarceration to ameliorate his ongoing issues with mental health and substance abuse, and gave him numerous opportunities to show that he was amenable to rehabilitation through probation.  The trial court recognized the links between Hill's recidivism and mental health and

---

[2] Hill does not contend that the trial court imposed a period of active incarceration that violated the limitations of Code § 19.2-306.1, and we do not consider this issue.

substance abuse issues, and attempted to provide him with the tools and support to succeed on probation. The record demonstrates that the trial court was motivated by concern for Hill's rehabilitation and well-being, as well as the safety of the community. Ultimately, however, Hill refused to abide by the trial court's orders to comply with the recommendations of the mental health plan and other conditions.

The record does not support Hill's claim that the trial court neglected to weigh his mitigation evidence. The weight to give any mitigating factors presented by the defendant is within the trial court's purview. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Hill failed to make productive use of that grace through his convictions for new crimes and his refusal to abide by the instructions of the probation office and orders of the trial court. Having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the trial court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the original] offenses and his continuing criminal activity").

Hill also contends that the trial court abused its discretion in imposing a two-year active sentence for the probation violation, which exceeded the applicable guidelines for his 2016 grand larceny conviction. Even if the standard sentencing guidelines were applicable to the imposition of sentence for a probation violation,[3] they "are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Therefore, we need not consider any contention that the trial court should have imposed a sentence within the 2016 guidelines for Hill's probation violation in 2022.

## II.

Hill argues that the heated exchange between the public defender and the trial court at the September 16, 2022 hearing, considered with the trial court's ultimate imposition of sentence, demonstrated that Hill was deprived of his due process right to a neutral and detached factfinder at the October 2022 revocation hearing. Hill did not raise this issue in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e]

---

[3] Effective July 1, 2022, Code § 19.2-306.2 requires preparation of a "sentencing revocation report" and "applicable discretionary probation violation guidelines" for the trial court's consideration in revocation proceedings under Code § 19.2-306. 2022 Va. Acts chs. 569, 570.

contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

Hill acknowledges that he did not raise this issue at trial, but urges this Court to invoke the good cause or ends of justice exception to Rule 5A:18 and consider the question on appeal. The "good cause" exception to Rule 5A:18 does not apply where the defendant had the opportunity to object "but elected not to do so." *Luck v. Commonwealth*, 32 Va. App. 827, 835 (2000). In this case, Hill clearly had the opportunity to object on due process grounds, either at the revocation hearings or in a motion to reconsider the imposition of sentence. Nor did Hill move for the trial judge to recuse himself. We therefore will not apply the good cause exception to Rule 5A:18 in this instance.

"We apply the ends of justice exception to Rule [5A:18] in limited circumstances." *Hicks v. Director, Dep't of Corr.*, 289 Va. 288, 296 (2015). "In deciding whether the exception should apply, an appellate court must ask two questions: '(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).

Generally, revocation proceedings are not part of a criminal prosecution and thus the full array of rights due a defendant at trial does not apply. *See Saunders v. Commonwealth*, 62 Va. App. 793, 807-08 (2014) (quoting *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972)). "Even in a revocation hearing, however, a defendant is entitled to the minimum requirements of due process including . . . a 'neutral and detached' hearing body." *Id.* at 808 (quoting *Morrissey*, 408 U.S. at 489).

Despite his failure to file a motion for recusal, Hill appears to argue that the record demonstrates the trial court was biased against him. However, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as . . . judges, sometimes display." *Id.* at 555-56. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556.

The record reflects that the trial court rendered a fair judgment in finding Hill in violation of his probation and imposing sentence after continuing the matter numerous times to seek alternative programs for his treatment and supervision to foster his successful completion of probation. The trial court exhibited no bias or partiality in imposing the two-year sentence. We thus find that this is not one of the rare instances where the ends of justice exception to Rule 5A:18 permits us to consider Hill's contention on appeal. *See Lacey v. Commonwealth*, 54 Va. App. 32, 46 (2009).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*